UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON GAWLICK,                                            No. 08-CV-6429(DGL)(VEB)
                                                          **DECISION AND ORDER**
                        Petitioner,
         -vs.-

JAMES CONWAY,
                        Respondent.
_____

I.      **Background**

*Pro se* petitioner Aaron Gawlick seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his state custody as a result of a conviction in New York County Court (Monroe County) following a jury trial on one count of second degree (intentional) murder second degree (N.Y. Penal Law §125.25(1)). Gawlick's Petition asserts two grounds for relief, both of which were presented on his direct appeal of the conviction: (1) the trial court erred in denying his request to instruct the jury as to the defense of justification (self-defense), and (2) he was denied his Sixth Amendment right to the effective assistance of counsel because trial counsel failed to elicit sufficient testimony from him as to his state of mind so as to support the justification defense, for instance, "that [petitioner] felt threatened by the[ ] three men, and that he reasonably believed that the man between him and his car had a weapon or that the man behind him might have had a weapon," (Petition (Docket No. 1) at 8.). Respondent answered the Petition, asserting that both claims lack merit and do not warrant habeas relief.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). Presently pending before the Court is Gawlick's Motion for the Appointment of Counsel (Docket No. 12)

to represent him *pro bono* in connection with the instant habeas proceeding. For the reasons that follow, Gawlick's motion to have counsel assigned is **denied without prejudice**.

**II.    Discussion**

There is no absolute right to assistance of counsel in the preparation of a habeas petition. *See McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (noting that *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 which prohibits, with certain exceptions, the retroactive application of new law to claims raised in federal habeas, does not "imply that there is a constitutional right to counsel in federal habeas corpus") (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (stating that he right to appointed counsel extends to the first appeal of right, and no further, and declining to hold that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions) (citing *Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)); *accord, e.g.*, *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004) ("But the Sixth Amendment only applies to a defendant's trial and first appeal as of right, not to appeals afforded on a discretionary basis, collateral proceedings, or civil proceedings such as civil rights claims challenging prison conditions.") (citing *Finley*, 481 U.S. at 556-57); *Heath v. United States Parole Comm'n.*, 788 F.2d 85, 88 (2d Cir. 1986) ("On a direct appeal from a conviction the absolute right to counsel is assured every defendant. But appointment of counsel on an appeal involving a collateral attack on a conviction is a matter that rests within the discretion of the appeals court.") (citations omitted).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986); *see also In re*

*Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir.1984). The standards governing the appointment of counsel in *pro se* cases have been set forth by the Second Circuit in a number of cases. *E. g.*, *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir.1989); *Hodge v. Police Officers*, 802 F.2d at 60; *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir.1983). *See also* 18 U.S.C. § 3006A(a)(2)(B) (a court may, in its discretion, appoint counsel where "the interests of justice so require." ).

"The factors to be considered in deciding whether or not to assign counsel include the following: 1. Whether the indigent's claims seem likely to be of substance; 2. Whether the indigent is able to investigate the crucial facts concerning his claim; 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 4. Whether the legal issues involved are complex; and 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination." *Peek v. Cummins*, No. 07-CV-6120 CJS, 2008 WL 5110988, *3 (W.D.N.Y.) (Siragusa, D.J.) (citing *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997); *Hodge*, 802 F.2d at 60).

The Court has reviewed Gawlick's application for counsel in light of the factors required by law as set forth by the Second Circuit. After reviewing Gawlick's Petition and respondent's Answer, it does not appear to this Court that Gawlick is likely to succeed on the merits. In any event, whether or not success is likely, the issues are not so complex that the assistance of counsel is required; it appears that they are ones which can be addressed and reviewed solely by means of the state court records. At this point in time, the Court does not discern a need for an evidentiary hearing involving cross-examination of witnesses or the elaborate presentation of proof. Gawlick has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Gawlick asserts that he needs assigned

counsel because his habeas issues are complex, but that alone is insufficient to warrant assignment of *pro bono* counsel. *See*, *e.g.*, *De Los Rios v. United States*, No. 86 Cr. 279(LMM), 1994 WL 502635, at *6 (S.D.N.Y. Sept. 14, 1994) ("Even if the claim is not frivolous, if the chances of succeeding on the merits are only slight, counsel may be denied because volunteer attorney time is a scarce commodity which must be allocated judiciously."). After reviewing Gawlick's submissions to date, the Court finds that he has fully, articulately, and adequately stated his claims, notwithstanding his lack of access to a lawyer.

In sum, this Court finds that Gawlick's habeas petition is one for which an appointment of counsel is unnecessary. Accordingly, for the foregoing reasons, Gawlick's Motion for the Appointment of Counsel (Docket No. 12) is **denied without prejudice.**

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 1, 2010
Rochester, New York.